UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JOSH SCHEUVRONT, § <br> Individually and on behalf of § <br> all others similarly situated, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> HILLSTONE ENVIRONMENTAL § <br> PARTNERS, LLC, § <br> § <br> Defendant. § | DOCKET NO. _____ <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION <br> PURSUANT TO 29 U.S.C. § 216(b) |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Joshua Scheuvront ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages from Hillstone Environmental Partners, LLC ("Hillstone Environmental" or "Defendant") for himself and all others similarly situated to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA"). Plaintiff worked for Defendant as a Health, Safety and Environment ("HSE") Advisor. Plaintiff spent the majority of his time performing technical and manual labor type job duties such as assembling/dissembling HSE equipment, monitoring wells for hazardous gas levels, ensuring jobsites were in compliance with company and governmental rules and regulations, investigating workplace injuries, conducting safety meetings, and filling out reports. For these traditionally non-exempt duties, Defendant paid Plaintiff and those similarly situated a base salary, even though they regularly worked in excess of 40 hours a week. However, this compensation does not comport with the requirements of the FLSA. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Defendant maintains its corporate offices in Denver, Colorado, located within this District and Division.

## THE PARTIES

4.  Plaintiff worked for Defendant as an HSE Specialist during the relevant statutory time period. His consent to be a party plaintiff has been attached hereto as <u>Exhibit A</u>.

5.  The nationwide class of similarly situated employees ("Putative Class Members") consists of:

> **ALL CURRENT AND FORMER HSE EMPLOYEES WHO WORKED FOR HILLSTONE ENVIRONMENTAL IN THE PAST THREE (3) YEARS.**

Putative Class Members are easily ascertainable from Defendant's business records, particularly personnel records.

6.  Defendant **Hillstone Environmental Partners, LLC**, may be served through its registered agent: Vincent Lopez at **1515 Wazee Street, Suite 300, Denver, Colorado 80202** or wherever he may be found.

## COVERAGE UNDER THE FLSA

7.  At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8.  At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## FACTS

11. Hillstone Environmental focuses on providing water infrastructure solutions for the oil and gas industry. Defendant specializes in fixed water pipelines, water recycling, water logistics, resource allocation and optimizing delivery to and from multiple pools, pits and pads to reduce transport expense. http://hillstone-environmental.com/what-we-do/. Defendant maintains operations in the Permian Basin, Marcellus & Utica Shale plays, and the Williston Basin. In this regard, Defendant provides HSE safety and monitoring services at well sites.

12. Over the statutory time period, Defendant has employed numerous Putative Class Members throughout the United States of America. While exact job titles may differ slightly, these employees all worked in the same division and were subjected to the same or similar illegal pay practices for similar work.

13. Defendant's HSE Advisors do not hire, fire, discipline, supervise, or exercise independent judgement or discretion.

14. The Putative Class Members' primary job duties include assembling/dissembling HSE equipment, monitoring wells for hazardous gas levels, ensuring jobsites were in compliance with company and governmental rules and regulations, investigating workplace injuries, conducting safety meetings, and filling out reports. The Putative Class Members conduct their day-to-day activities within designated parameters and in accordance with pre-determined standards and guidelines. The Putative Class Members' activities are routine and largely governed by standardized plans and checklists created by Defendant, its clients, and/or regulatory authorities such as OSHA. Every element of the Putative Class Members' jobs are predetermined for them by Defendant, its clients, and/or by regulatory authorities including the tools to use at a job site, the data to compile and/or monitor, and the schedule of work and related work duties.

15. The Putative Class Members' job functions are primarily manual labor/technical in nature, requiring little-to-no official training. Likewise, a college education is not required.

16. Plaintiff and all of the Putative Class Members worked similar hours and were uniformly denied proper overtime compensation as required by the FLSA as a result of the same illegal pay practice. All of the Putative Class Members were generally scheduled to work eighty-four (84) hours per workweek, but often worked more.

17. Specifically, Defendant paid Plaintiff and the Putative Class Members a salary, regardless of the number of hours that they worked each day (or in a workweek), and failed to provide them with overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

18. For the purposes of an FLSA overtime claim, Plaintiff and the Putative Class Members performed substantially similar job duties related to providing HSE safety and monitoring services at well sites. To the extent the job duties varied, it was only slightly and does not prevent this case from proceeding as a collective action under the FLSA.

19. As the controlling law makes clear, Defendant's HSE employees are non-exempt under the FLSA. Therefore, Defendant owes back overtime wages to the all Putative Class Members.

### FLSA VIOLATIONS

20. As set forth herein, Defendant violated the FLSA by failing to pay Plaintiff and the Putative Class Members overtime for hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207(a).

21. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay Plaintiff and the Putative Class Members overtime compensation. Defendant's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

22. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their regular rates of pay, plus liquidated damages, attorney's fees and costs.

### COLLECTIVE ACTION ALLEGATIONS

23. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from his observations and discussions with

these employees, Plaintiff is aware that the illegal practices or policies of Defendant have been imposed on the Putative Class Members nationwide.

24. The Putative Class Members all received a salary, regularly worked in excess of forty (40) hours per week, and were not properly paid overtime compensation. These employees are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay provisions, and employment practices.

25. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

26. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### JURY DEMAND

27. Plaintiff demands a trial by jury.

### RELIEF SOUGHT

28. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

d. For an Order awarding Plaintiff unpaid benefits and compensation in connection with the FLSA violations;

e. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Michael A. Josephson*
Michael A. Josephson
Fed. Id. 27157
Texas Bar No. 24014780
Andrew Dunlap
Fed Id. 1093163
Texas Bar No. 24078444
Lindsay R. Itkin
Fed Id. 1458866
Texas Bar No. 24068647
Jessica M. Bresler
Fed Id. 2459648
Texas Bar No. 24090008
**FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com
litkin@fibichlaw.com
jbresler@fibichlaw.com

AND

Richard J. (Rex) Burch
Fed. Id. 21615
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**